# Greenawalt's Estate.

*Decedent's estates—Widow's exemption—Charge on land.*

The statutory allowance to a widow commonly spoken of as widow's exemption, elected by her to be taken in real estate, becomes, after the confirmation of the report of the appraisers that the land cannot be divided without injury, a charge upon it, and the orphans' court has power to enforce payment of the charge by a decree that it be made out of the lands by sale.

*Widow's exemption—Non residence of widow—Jurisdiction.*

If it appears on the face of proceedings awarding a widow's exemption that the decedent neither died within this commonwealth nor had a domicil therein, the decree confirming the appraisement is void for want of jurisdiction, and this objection may be raised on the hearing of the application for the order of sale of the land charged with the exemption; but where the decree of confirmation is made by the orphans' court of the county in which the letters of administration were issued, want of jurisdiction is not to be presumed from the mere omission to set forth in the claim or in the appraisement that the decedent died, or was domiciled at the time of his death within the commonwealth.

*Widow's exemption—Appraisement—Charge on land—Order of sale—Res judicata.*

If it appears upon the hearing of a petition for an order of sale to en-

force a decree charging a widow's exemption on land that the prior proceedings are regular on their face, an heir may not attack the decree and demand a reinvestigation of the domicil of the decedent at the time of his death. Such a decree is res judicata. The remedy of the heir was to except to the allowance and confirmation of the appraisement.

Argued Oct. 25, 1900. Appeal, No. 111, Oct. T., 1900, by Kate L. Greenawalt, from decree of O. C. Lebanon Co., ordering sale of real estate in the estate of L. L. Greenawalt. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for an order to sell land charged with widow's exemption.

The petitioner set forth that demand had been made for widow's exemption out of the estate of her husband, L. L. Greenawalt, situate in Lebanon county; that the appraisers returned that there was no personal estate; that the real estate could not be divided to set apart land to satisfy her claim; that said exemption was made a charge upon the land and has not been paid. The prayer was for a citation upon Kate L. Greenawalt and Jessie Greenawalt Jacoby, the collateral heirs, to show cause why they should not pay said exemption, or, in default thereof, why said land should not be sold to satisfy her claim.

The answer of Kate L. Greenawalt set forth that she is a sister and creditor of L. L. Greenawalt, who died in California on January 24, 1899; that at the time of his death and prior thereto, since 1892, he was a domiciled citizen of California, owning a ranch and other valuable real estate there; that for several years prior to his death his wife, the said Annie M. Greenawalt, was not living with him, but resided with her mother in Pennsylvania; that at his death the decedent was indebted to said respondent for over $5,000, which is greatly in excess of the value of his real estate in Pennsylvania; that there has been no settlement of decedent's estate in California; that the issuing of letters of administration upon decedent's estate in this state to his said widow was irregular and void; that said respondent had no notice of the claim for widow's exemption nor of the appraisement thereof, which was confirmed by the court; that under the facts and circumstances

as detailed, the awarding of the $300 exemption to said widow out of decedent's real estate in this state was void and not binding on the heirs at law of decedent, wherefore respondent prayed that the petition of the widow be dismissed and the proceedings set aside.

The replication of Annie M. Greenawalt admitted that L. L. Greenawalt left Lebanon, Pennsylvania, with his wife in 1892 and settled in San Diego county, California, and that he died in said state on January 24, 1899, intestate; that he owned a ranch and other valuable real estate, but that the same was so heavily mortgaged as to render his estate insolvent; that decedent's wife did not live with him for several years prior to his death, but that her staying with her mother in Pennsylvania was with his knowledge, advice and consent, and that their relations were affectionate to the time of his death. It is further averred that the widow's claim for $300 exemption, was adjudicated and confirmed absolutely by the court, and therefore became a lien upon the real estate in Lebanon, Pennsylvania, as aforesaid, and binding upon the heirs and creditors of the decedent; that the right to the granting of letters of administration upon decedent's estate by the register of wills of Lebanon county cannot be raised in this proceeding; that newspaper advertisement of the appointment of the widow as administratrix was published in a weekly newspaper, and that the respondent was on the premises when the appraisers went to the same.

The court made an order directing the sale of land.

*Error assigned* was the order of the court.

*F. E. Meily*, for appellant.—Judgments in rem are conclusive not only upon the facts involved in the case but as to the property in question and the title to the same. It must appear that the court has jurisdiction, in order to make the judgment binding, and the jurisdiction is ever an open question: 2 Smith's Leading Cases, *810; Fowler v. Eddy, 110 Pa. 117; Musselman's App., 101 Pa. 165; Noble v. Thompson Oil Co., 79 Pa. 368; Guthrie v. Lowry, 84 Pa. 533; Runyan's App., 27 Pa. 121.

*Luther F. Houck*, for appellee.—The decree confirming the

appraisement was res judicata: Shoenberger's Est., 139 Pa. 132; Grindrod's Est., 140 Pa. 161; Strain's Est., 32 Pitts. Legal Jour. 369; Runyan's App., 27 Pa. 121.

OPINION BY RICE, P. J., February 14, 1901:

The statutory allowance to a widow, commonly spoken of as widow's exemption, elected by her to be taken in real estate, becomes, after the confirmation of the report of the appraisers that the land cannot be divided without injury, a charge upon it, and the orphans' court has power to enforce payment of the charge by a decree that it be made out of the lands by sale: Detweiler's Appeal, 44 Pa. 243. If it appears on the face of the proceedings that the decedent neither died within this commonwealth nor had a domicil therein, it may be conceded that the decree confirming the appraisement would be void for want of jurisdiction, and that this objection might be raised on the hearing of the application for the order of sale. But where the decree of confirmation was made by the orphans' court of the county in which the letters of administration were issued, want of jurisdiction is not to be presumed from the mere omission to set forth in the claim or in the appraisement that the decedent died, or was domiciled at the time of his death, within the commonwealth. Whether or not upon the hearing of a petition for an order of sale to enforce the decree, the prior proceedings being regular on their face, an heir may attack the decree and demand a reinvestigation of the question of the domicil of the decedent at the time of his death, is the question presented on this appeal. It is true, the appellant alleges in her answer that she had no actual notice of the appraisement, but the petitioner alleges in her replication that she was actually present when it was made. As no testimony was taken to support the allegation of want of notice, we assume that it may be disregarded in the present inquiry. We assume, also, that the appellant has done nothing to estop herself from raising the question now presented. Therefore, as we view the case, it turns upon the conclusiveness in a collateral proceeding of the decree confirming the appraisement. In the case heretofore cited, Detweiler's Appeal, Mr. Justice STRONG, after pointing out that if personal property or land be appraised and set apart to the widow, and the appraisement be approved

by the orphans' court, her ownership becomes complete, said of the confirmation of such an appraisement as this : " If, as in the case before us, where everything that the statute requires to assert the widow's right has been done, neither personal property nor land has been set off to her, to the extent of her right, creditors and heirs must stand aside until she has been satisfied. When the orphans' court confirmed the report of the appraisers, certifying that the land of the decedent could not be divided so as to assign to the widow such a part as was equal to $118.79, they, in effect, decreed that such sum remained a charge upon the whole real estate. It was a charge created by the act of assembly and declared by the court. As it was a sum of money to be paid out of the lands, in the strictest sense a charge, it must follow the lands into whomsoever hands they may come, for a purchaser from the heir has notice of every statutory charge." In Runyan's Appeal, 27 Pa. 121, a creditor excepted to the account of an administrator upon the ground that he had not charged himself with the whole amount of the estate, but had permitted the widow to retain $300 worth of property to which she was not entitled as against him. The court below sustained the exceptions and charged the debt of the exceptant against the administrator. This was held to be error. Mr. Justice BLACK, delivering the opinion of the Supreme Court, said: " We think the confirmation of the appraisement was an adjudication of the property mentioned in the inventory to the widow. It was conclusive against the creditor, for it was a judgment in rem which determined forever the status of a thing, and was binding on all the world." The same doctrine was enunciated in Kauffman's Appeal, 112 Pa. 645, at page 650, and has been recognized in many other cases, both in the Supreme Court and in the orphans' courts of the commonwealth. There are many cases in which the widow is not entitled to the allowance. These exceptions established by the decisions upon a construction of the statute, are as much a part of the law, as if they had been expressly mentioned in the statute. The court having jurisdiction of the decedent's estate and of the accounts of his executor or administrator, must necessarily have power to adjudicate the questions of fact arising upon the widow's claim, and to refuse approval of the appraisement if the evidence shows that she is not entitled to

the allowance.    We are not convinced that it had not jurisdiction to adjudicate the question of fact raised in this case.    The case of Shoenberger's Estate, 139 Pa. 132, bears a strong analogy to the case at bar, and is especially pertinent in view of the appellant's contention, set forth in her answer, that " the issuing of letters of administration upon said decedent's estate by the register of Lebanon county was irregular and void."    The question of the power or duty of the court to open the decree confirming the appraisement, upon direct application and proof of the allegations set forth in the appellant's answer, is not before us and we express no opinion upon it.    The decree is being attacked collaterally, not directly, and the court properly held that the former is not the proper method of correcting it, even if it be erroneous.

The decree is affirmed and the appeal dismissed at the costs of the appellant.