## Moore's Estate.

*Decedents' estates—Husband and wife—Election by husband against wife's will—Acts of May 4, 1855, P. L. 430, and April 1, 1909, P. L. 87.*

1. The Act of April 1, 1909, P. L. 87, giving to a surviving widow $5,000 where her husband dies intestate leaving no issue, applies to a case where the husband actually does make a will, but his surviving widow elects to take against it.

2. In construing the Act of May 4, 1855, P. L. 430, which declares that a husband electing to take against the will of his wife may take such share in her estate as she could, so electing to take in his estate, had she survived, the share of the husband is to be ascertained in the light of the law in force at the time of the wife's death.

3. Where a woman died testate after the passage of the Act of April 1, 1909, P. L. 87, leaving to survive her a husband and collateral heirs only, and the husband elects to take against her will, he is entitled to take such share in her estate as she could have taken in his estate under similar conditions, by the Act of April 1, 1909, P. L. 87.

Argued Dec. 14, 1911.   Appeal, No. 247, Oct. T., 1911, by Clara Huddy Fagan, from decree of O. C. Phila. Co., April T., 1911, No. 629, dismissing exceptions to petition for distribution in Estate of Helen W. F. Moore, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Petition for distribution.

The petition of Edwin H. Moore was as follows:

1. That the said Helen W. F. Moore died on April 6, 1910, leaving to survive her a husband, the petitioner, and no issue, having first made her last will and testament, dated May 26, 1905, and duly probated in the office of the register of wills of Philadelphia county and letters testamentary duly issued to Eliza Massey Fagan and your petitioner as executors.

2. That the deceased left only personal estate to the value of as per inventory and appraisement filed amounting to $19,863.48 but no real estate.

3. That the said executors of decedent's will filed their first account and the same was adjudicated before GUM-MEY, J., on July 5, 1911, and your petitioner by declaration in writing duly filed in the adjudication of the account of said executors as aforesaid has taken against the will of said decedent. And further that the decedent was a married woman and not engaged in any business and all her debts were paid as will appear by said adjudication.

4. That your petitioner as surviving husband of said decedent claims the sum of $5,000 from the personal estate under the Act of April 1, 1909, P. L. 87, and an inventory and appraisement of the personal property so chosen is hereto annexed.

Wherefore your petitioner prays that the sum of $5,000 may be set apart to him as the surviving husband out of the said personal estate.

The collateral heirs of Mrs. Moore filed the following exceptions to the petition:

1. The said Edwin H. Moore, husband of the decedent, has no right to receive the sum of $5,000 under the act of April 1, 1909, because said act applies only to the estates of intestates, and the above decedent died testate. [1]

2. The said Edwin H. Moore, husband of the decedent, has no right to receive the sum of $5,000 under the act of April 1, 1909, because the said act does not give to the surviving husband the right to retain the said sum out of the estate of his deceased wife. [2]

The court entered the following decree:

And now to wit, November 4, 1911, upon presentation of the foregoing petition and due proof of publication on motion of Chas. F. Linde, Esq., attorney for the petitioner, the court orders and decrees that the election by Edwin H. Moore, the surviving husband, to retain the sum of $5,000 from the personal property of the decedent, as enumerated in the inventory attached to the said foregoing petition, is approved and the exceptions filed October 14, 1911, are dismissed. [3]

*Errors assigned* were (1, 2) in dismissing exceptions to the petition, quoting them, and (3) the decree of the court, quoting it.

*Fell* and *Spalding*, for appellant.

No printed brief for appellee.

OPINION BY HEAD, J., April 23, 1912:

Helen W. Moore, a married woman, died on April 6, 1910, leaving to survive her a husband and collateral heirs only. In her will, duly executed before her death, she made certain provisions in favor of her surviving husband. In due time he filed his election to decline the provisions thus made for him and to take the share or portion of his wife's estate allowed to him by law. In so doing he was exercising the right conferred on him by the first section of the Act of May 4, 1855, P. L. 430, which provides "That the power of any married woman to bequeath or devise her property by will, shall be restricted, as regards the husband, to the same extent as the husband's power so to dispose of his property is restricted, as regards the wife, namely: so that any surviving husband may, against her will, elect to take such share and interest in her real and personal estate as she can when surviving, elect to take against his will in his estate," &c. The statute thus, in clear and unambiguous language, first confers upon the surviving husband the right to take a certain interest in the estate of his wife notwithstanding any attempt by her to otherwise dispose of it by will; and secondly, it furnishes the measure of what he shall have the right to take when he so elects, to wit, "such share and interest in her real and personal estate as she can when surviving, elect to take against his will in his estate."

Prior to the passage of the Act of April 1, 1909, P. L. 87, the ascertainment of the share of a wife's estate which by law could be claimed by her surviving husband, when electing to take against her will, would have presented

no difficulty whatever. By that act a change of considerable importance was made in the distribution of estates of decedents who died leaving surviving widows but no issue. That act is entitled "An Act to amend section one of an act, entitled 'An act relating to the descent and distribution of the estates of intestates,' passed and approved April eighth, one thousand eight hundred and thirty-three, defining and declaring the interest that shall descend to and vest in the surviving husband or wife of such intestate." Article II of section 1 thereof provides "Where such intestate shall leave a widow and collateral heirs or other kindred, but no issue, such widow shall be entitled to the real or personal estate, or both, to the aggregate value of five thousand dollars, in addition to the widow's exemption as allowed by law; and if such estate shall exceed in value the sum of five thousand dollars, the widow shall be entitled to such sum of five thousand dollars, absolutely, to be chosen by her from the real or personal estate, or both; and, in addition thereto, shall be entitled to one-half part of the remaining real estate, for the term of her life, and to one-half part of the remaining personal estate, absolutely," &c. The learned counsel for appellant in his able brief rests his case on two propositions which we will dispose of in the order in which they are presented by him.

(a) That the Act of 1909 deals only with cases of absolute and entire intestacy and was not intended by the legislature to be applicable where a deceased husband had undertaken to dispose of his estate by will and his surviving widow had thereafter exercised her right of election to take against such will. This question is not now a debatable one. Since the argument of the present appeal, the Supreme Court, in the estate of Joseph Guenther, deceased — in which an opinion has been recently filed and is not yet reported—has disposed of this precise question against the contention of the appellant. The opinion of Mr. Justice MESTREZAT elaborately re-

views the entire legislation on the subject and holds that the act of 1909 is a constitutional piece of legislation; that it is not an exemption law but an amendment of the intestate laws of the State; that where a surviving widow exercises the right of election conferred upon her by the Acts of April 11, 1848, P. L. 536, and April 20, 1869, P. L. 77, there is necessarily a case of partial intestacy and that the provisions of the act of 1909 were intended by the legislature to be applicable in such cases. The convincing reasoning of the court along these lines may be fairly indicated by the following brief excerpt from the opinion: "We must assume that the legislature knew at the time of the passage of the Act of 1909 the status of the legislation on the subject with which it dealt. It knew that where an intestate left a widow and collateral heirs but no issue, the widow is entitled to a certain portion of his estate. It also knew that where a decedent died testate and his widow elected to take against his will, that she was entitled to her share of the personal estate under the intestate laws, the effect of which was that the decedent died intestate as to that portion of his estate. It was in the light of this legislation that the Act of 1909 was passed to amend the act relating to the descent and distribution of the estates of intestates. It dealt with and included estates which were taken by widows by virtue of the intestate laws of the commonwealth whether there was a total or partial intestacy. It did not intend to make a distinction between widows whose husbands died without wills and those who elected to take against their husbands' wills, thereby creating a partial intestacy." With this authoritative declaration from our own Supreme Court on the precise question now before us, we must of necessity conclude that the first position of the learned counsel for appellant is untenable. It is clear therefore that if the deceased Helen W. Moore had survived her husband and elected to take against his will, her share in his estate would be that provided for in the section of the act of 1909 already quoted.

As we have already seen, the act of 1855, which conferred upon a surviving husband the right to elect to take against the will of his wife, declared that in case of such election his share of her estate should be "such share and interest as she can when surviving, elect to take against his will in his estate." The proper application of this statutory language to the case now before us brings us to a consideration of the second proposition urged upon us by the appellant, viz.:—

(b) That the language of the act of 1855, just quoted, must be read in the light only of the legislation then existing, fixing the quantity of a husband's estate which the widow would be, by law, entitled to receive where she elected to take against his will; and that no amendment of those laws, after the act of 1855, which would enlarge the share previously given to the widow can be read into the latter act so as to correspondingly enlarge the share which the husband could take in the estate of his wife after the exercise of his right of election. As we read the opinion of the court, in the late case to which we have referred, this contention also is fully considered and the question cannot now be regarded an open one. It was there urged upon the court that because the widow's right of election was conferred upon her by the acts of 1848 and 1869, the share of her husband's estate which she could take, after exercising that right, must be such share only as would be allowed by the laws in force at the times of the approval of those acts respectively, "on the principle that if an act adopt the provisions of a preceding act, an amendment or repeal of the latter will not extend, limit or repeal the former." The principle involved in that contention is elaborately reviewed, and the conclusion reached by the court may be indicated by the following language of the opinion: "When an adopting statute refers generally to the law affecting substantive rights, it evidently means that it is to be the law in effect at the time its provisions are invoked. It is the law, whatever it may be at the time the facts require its application,

that the adopting act means to declare shall regulate the subject to which it relates. If, on the other hand, the adopting act declares, as the law of the state, any specific statute or part thereof, it is equally manifest the legislature intends that the specific provisions thus adopted, and they alone, shall be the law in such cases. When therefore the adopting act declares generally that the law relating to any particular subject and not a specific act, local or general, shall be the law regulating the subject, the legislative intent is that the adopting act refers to the law in force at the time when it is invoked." Now the statute of 1855, in determining what share, in his deceased wife's estate, a surviving husband, electing to take against her will, may by law receive, does not attempt to regulate such share by the adoption of any prior specific act or part thereof, but by reference to the law of the land generally "so that any surviving husband may against her will elect to take such share and interest in her real and personal estate as she can when surviving, elect to take against his will in his estate." Following the reasoning of the Supreme Court in the language last quoted, we must hold the legislative intent in this statute, in referring to the law fixing a surviving widow's share, to be "the law in force at the time when it is invoked."

Having thus disposed of the only two questions presented by this record and urged upon us in the argument of this appeal, we necessarily overrule the assignments of error and affirm the decree appealed from.

Decree affirmed.