## Ellermeyer's Estate.

*Decedents' estates—Husband and wife—Death of wife—Intestacy—Rights of husband—Act of April 1, 1909, P. L. 87, Art. II, Sec. 1; Art. III, Sec. 1.*

The husband of a woman who dies intestate and without issue is not entitled under the provisions of the Act of April 1, 1909, P. L. 87, to have set apart for him real estate of the value of $5,000. He is only entitled to an absolute interest in his wife's personal property and his curtesy in her real estate.

Argued Sept. 25, 1916. Appeal, No. 169, Oct. T., 1916;

by Charles B. Ellermeyer, from decree of O. C. Armstrong Co., June T., 1915, No. 20, refusing a husband's petition to have certain property of his deceased wife set apart for him, in Estate of Sarah Mc. Ellermeyer, deceased. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Petition by the surviving husband of a wife who died intestate to have real estate of the value of $5,000 set apart for him. Before KING, P. J.

The opinion of the Supreme Court states the facts.

The court refused the petition. Charles B. Ellermeyer appealed.

*Error assigned* was the decree of the court.

*Floy C. Jones,* with him *H. A. Heilman,* for appellant.

*Harry C. Golden,* for appellee.

PER CURIAM, January 8, 1917:

Sarah Mc. Ellermeyer, the wife of the appellant, died intestate and without issue on March 1, 1914, and the contention of her husband in the court below, renewed here, is that under Article II, Sec. 1, of the Act of April 1, 1909, P. L. 87, he is entitled to have set apart to him, to the aggregate value of $5,000, real estate of which she died seized. In making this claim he overlooks Article III, Sec. 1, of the same act, which provides that "when such intestate shall leave a husband, the real estate shall descend and pass as now provided by law, saving to the husband his right as tenant by the curtesy, which shall take place, although there be no issue of the marriage, in all cases where the issue, if any, would have inherited."

Appeal dismissed at appellant's costs.