## Bricker et al. v. Brougher et al.

*Kast, Brinton & Templeton,* for plaintiffs.
*Gilmer, Faller & Young,* for defendants.

BIDDLE, P. J., July 29, 1930.—This is a proceeding in ejectment to recover a tract of land situated in the Borough of Mechanicsburg and to recover mesne profits for the detention thereof. The plaintiffs and defendants both claim under Eliza B. Brougher, the plaintiffs being the heirs-at-law of Eliza B. Brougher and the defendants devisees and next of kin of Miles Brougher, the husband of Eliza B. Brougher.

Under the pleadings and the admissions of the plaintiffs, conceding that the averments of defendants' plea and answer are correct, it appears that Eliza B. Brougher, being seized in her demesne as of fee of the tract of land in question, died intestate April 15, 1913, without issue, leaving to survive her her husband, Miles Brougher, and certain collateral heirs-at-law.

Subsequent to the death of Eliza B. Brougher, her surviving husband, Miles Brougher, procured the appraisement of the real estate in question under a claim to the $5000 to which he alleged he was entitled under the provisions of the Act of April 1, 1909, P. L. 87; the appraisement in question being made on April 29, 1913, the real estate in question being therein appraised at $1800,

and the appraisement was confirmed *nisi* on April 29, 1913, and it is recorded in this county in the Widows' Appraisement Docket "H," page 131. The appraisement was confirmed absolutely on July 29, 1913.

Miles Brougher had possession of the real estate in question up until the time of his death, and the defendants claim it under his will as his devisees and heirs-at-law.

Admittedly, if the appraisement and confirmation in question vested the fee to the land in question in Miles Brougher, the plaintiffs have no valid claim thereto. On the other hand, if that appraisement and confirmation, with the subsequent legislation upon which the defendants rely, namely, the Act of July 18, 1917, P. L. 1067, were ineffective to vest the remainder in fee in Miles Brougher, then the present plaintiffs are the real owners of the land in question, and they are entitled to a judgment for it and for mesne profits for its detention.

The contention of the plaintiffs is that under the legislation in force at the death of Eliza B. Brougher, her husband, Miles Brougher, took his life estate by the curtesy in the real estate and that the remainder in fee passed to the collateral heirs-at-law of Eliza B. Brougher, and that nothing that appears either of record or in the pleadings since that time served to divest this title. We think this position is well taken. It is true that Miles Brougher claimed the property under what he thought to be his rights under the Act of 1909, *supra*, that an appraisement of it was made, duly filed in court, confirmed *nisi*, and subsequently confirmed absolutely by the court. But as the court was without jurisdiction either to order this appraisement or to confirm it, no title whatever could pass by its action: Ellermeyer's Estate, 255 Pa. 610.

It is argued by the learned counsel for the defendants that the legislature, by the passage of the Act of July 18, 1917, P. L. 1067, overruled the decision of the Supreme Court in Ellermeyer's Estate. But if this was the intention of the legislature, that body was without the power to effect what was in their minds. Undoubtedly the legislature might change the law from what it was as construed by the Supreme Court, but that change would not have the effect of in any manner altering or overruling the former decision of the Supreme Court. The plaintiffs contend that the act in question was intended merely to correct procedural defects in former proceedings; but with this contention we are unable to agree. We think that the contention of the learned counsel for the defendants that by this enactment the legislature intended to confirm to surviving husbands lands that had been appraised to them, as in the instant case, in order that their title might be full and complete, is correct. That they had the power to do this in all cases arising thereafter, we have no doubt; and we have equally no doubt that they had no power to make such legislation retroactive. Under the law as it stood at the time of Eliza B. Brougher's death, her husband was entitled to his life estate by the curtesy in all of her real estate; and as she died intestate and without issue, at his death her collateral heirs-at-law were entitled to it, and the remainder in fee vested in them upon her death. This being the case, the legislature was without power thereafter to take this property from them and to transfer it to Miles Brougher or to any one claiming through him: Palairet's Appeal, 67 Pa. 479; Hegarty's Appeal, 75 Pa. 503; Elder *v.* Elder, 256 Pa. 139.

To meet this obstacle to their claim, the learned counsel for the defendants contend that the confirmation of the appraisement by the Orphans' Court of this county in 1913 was a judgment *in rem*, and, as such, conclusive on all the world and not open to collateral attack. That such a judgment is a judgment *in rem* we think may be admitted, and that the effect of a valid judgment *in*

532

*rem* is not open to attack, such as is made here, may also, we think, be admitted; but in this contention the learned counsel for the defendants overlooked the fact that in order that these principles may apply it is necessary that the judgment in question should not on its face be a nullity. If it is, the principles cited cannot be applied. And some of the authorities cited in the brief of the learned counsel for the defendants clearly recognize this distinction, the Superior Court saying: "If it [the absence of jurisdictional facts] appears on the face of the proceedings . . . it may be conceded that the decree confirming the appraisement would be void for want of jurisdiction and that the objection might be raised [collaterally]:" Greenawalt's Estate, 16 Pa. Superior Ct. 263, 266; Scott's Estate, 18 Pa. Superior Ct. 375, 377.

The proceedings in this case show that an appraisement was made in 1913 of the real estate of a deceased wife to a surviving husband. Under the law as it stood at that time, as we have seen, the court was without jurisdiction either to order or confirm the appraisement. The proceeding was, therefore, void on its face, and was without effect as against any person lawfully claiming any portion of the land. It follows that, in the present instance, judgment on the pleadings must be entered in favor of the plaintiffs.

The plaintiffs have also claimed mesne profits for the detention of the land, and the defendants in their plea and answer state that its net income from the death of Miles Brougher on March 4, 1929, to the time of swearing to the plea and answer on April 17, 1930, was $98.15. The plaintiffs have admitted that these estimates also are correct. Allowing for the additional time since the execution of the affidavit to the date of the filing of this order at the same rate, we find that, as of July 29, 1930, the plaintiffs would be entitled to mesne profits in the aggregate sum of $122.69.

And now, July 29, 1930, it is directed that judgment be entered on the pleadings in favor of the plaintiffs and against the defendants for the real estate described in the writ, and that a judgment shall also be entered in favor of the plaintiffs and against the defendants for mesne profits to this date for $122.69, with costs.                              From Francis B. Sellers, Carlisle, Pa.