## McClintock's Estate.

*Wills—Husband and wife—Claiming against will—Death of husband prior to election—Right of representative to elect.*

The right of election in a husband or wife to take against the provisions of the will of the other is a personal privilege which perishes with the person, and where such right has not been exercised in the lifetime of the survivor, it does not accrue to his or her personal representative.

Argued March 24, 1913. Appeal, No. 388, Jan. T., 1912, by Margaretta Magee, Administratrix of Lorenzo D. McClintock, deceased, from decree of O. C. Philadelphia Co., April T., 1912, No. 424, dismissing exceptions to adjudication in estate of Ada B. J. McClintock. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the opinion of DALLETT, P. J., as follows:

The testatrix died April 2, 1911, leaving a will whereby she gave her husband a life interest in certain securities and gave the residue of her estate to strangers. Her husband died April 4, 1911, and at the audit of the account of the administrator c. t. a. of the testatrix's estate the administratrix of his estate claimed the right to elect on behalf of his estate to take against his wife's

will. This claim the auditing judge rejected and we think properly.

That a widow's right to elect not to take under her husband's will is purely personal and dies with her was decided in Crozier's Appeal (90 Pa. 384) in 1879, and the decision then made has been followed in Jackson's Appeal (126 Pa. 105) and in Anderson's Estate (185 Pa. 174).

That a husband's right to elect not to take under his wife's will is also simply a personal privilege was decided in Fleming's Estate (217 Pa. 610).

It is true that in Fleming's Estate the question determined concerned merely the right of a creditor to compel a living husband to elect to take against his wife's will, but there would seem to be no good reason why a distinction should be made and a husband's representatives allowed a privilege denied the representatives of a wife.

As was said by Mr. Chief Justice AGNEW in Clark's Appeal (79 Pa. 376), after a reference to the acts of assembly:

"Thus the legislature clearly intended to put the husband and wife on a par with each other, as to the power of each to will away property from the other, excepting that, as to the husband's independent and pre-existing freehold by the curtesy, he might retain it in lieu of any other estate."

This language was adopted by Mr. Justice MESTREZAT in Fleming's Estate, who also said:

"We think that the right of the husband to elect to take against the provisions of his wife's will is simply a personal privilege and is not an asset for the payment of his debts, or a right which he can be compelled to exercise so as to discharge his trust liabilities. Every sane person of lawful age in this Commonwealth has a right to dispose of his property by will, and the policy of the law is to encourage the exercise of that right. A married woman has now the same right as her hus-

band to devise her property and that right should not be curtailed by the court compelling an unwilling husband to defeat it by an election to take against her will. His action in the premises is optional with him, but if he wishes to respect the last wishes of his wife as well as carry out the manifest policy of the law he refuses to interfere with the disposition which she makes of her property. Aside from any sentimental feeling in the matter, the husband should permit the will to stand, thereby recognizing the right of the wife to determine the disposition of her own property."

The administrator of a husband's estate if clothed with the privilege of electing to take under or against the will of the husband's deceased wife would, and with propriety, look to the material interests of the estate he represented rather than to the carrying out of the wishes of the dead wife. And the desires of a best intentioned husband would thus be thwarted. This is not the policy of the law.

The exceptions are dismissed and the adjudication is confirmed absolutely.

*Error assigned* was in dismissing exceptions and confirming adjudication.

*Samuel H. Kirkpatrick,* with him *Michael J. Donoghue,* for appellant.

*Wm. Y. C. Anderson,* for appellee, submitted a paper book.

PER CURIAM, May 5, 1913:

The decree in this case is affirmed, with costs, on the opinion of the court below dismissing the exceptions to the adjudication.

Decree affirmed.