# Greiner's Appeal.

1. To enable a widow to take her share under the Intestate Act against the provisions of her husband's will, it is not necessary to file of record a written notice of her election so to do; written notice given to his executors three months after his death is sufficient.

2. The death of the widow after such election and before the amount of such share is ascertained will not affect the right of property which vested in her immediately upon such election.

3. The doctrine of advancements does not apply to a wife as to a child.

March 21st 1883. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON and CLARK, JJ., absent.

APPEAL from the Orphans' Court of *Philadelphia county:* Of January Term 1883, No. 199.

Appeal of Mrs. Maria L. Greiner and Mrs. Tabitha L. Viguers from the decree of said Court dismissing their exceptions to, and confirming the adjudication of, the auditing judge on the settlement of the first account of Samuel Fox and W. Frederick Snyder, executors of the will of William Lang, deceased.

The facts were as follows: The testator, William Lang, died May 17, 1881, leaving a widow, Ann Lang and six children. By his will he devised one third of the whole estate to the Fidelity Trust Company in trust to pay the income thereof to his wife Ann Lang for life. The principal of said third after her death and the entire residue of his estate he divided equally among his children among whom were Mrs. Maria L. Greiner, and Mrs. Tabitha L. Viguers. The personalty of said estate amounted to over $200,000 in value and the realty to over $50,000.

On August 25th 1881, the widow served the following written notice, signed by her, upon the executors of her husband's estate, but did not file it of record:

" You will hereby take notice that I elect to take my share

of my said deceased husband's real and personal estate as under the intestate law of the state of Pennsylvania, and decline to accept each and every of the devisees and bequests to me contained in the last will and testament of my said husband."

In subsequently receipting for amounts paid to her by the executors, she inserted the language : " Said payment being made to and received by her without prejudice to her right to take against the will and under the intestate law." She neither said nor did anything subsequent to the notice of her election inconsistent therewith. She died June 3d 1882 and her executor and legatees are the appellees.

On the audit, before PENROSE, J., counsel for Mrs. Greiner and Mrs. Viguers objected to the admission in evidence of the above notice, on the ground that until the final settlement of the estate such election could only be manifested by the record of proceedings had in the Orphans' Court; that an election in any other manner than by record was not binding upon her and consequently not upon the estate; and that as the right of election was a personal one and died with the widow, her attempted election being treated as a nullity, it must now be held that she took under the will, and distribution be made accordingly. Objection overruled. Exception. The same counsel then offered to prove that the testator in his lifetime, had given to his wife several pieces of real estate, the title to which was made in her name. The offer was made for the purpose of showing an advancement to her. Objected to. Objection sustained. Exception. The auditing judge awarded to the executor of Ann Lung, her share in her husband's estate under the Intestate Act.

Exceptions filed to this adjudication by Mrs. Maria L. Greiner and Mrs. Tabitha L. Viguers were dismissed by the court, and the adjudication confirmed, ASHMAN, J., filing the following opinion :

" The exceptions to the award to the widow assume broadly that the widow's election to take against her husband's will in order to be valid snould appear of record, and this, we understand, was the position taken by counsel at the argument. But it is literally without an authority to support it. The Act of 29th March 1832, section 35, which requires a record of her election to be made, applies only where she has omitted to accept or refuse, for at least twelve months after her husband's death, and a citation has after that time issued calling upon her to elect. Her answer to the process becomes of necessity a part of the record. The inference from the Act, that the election need not, in any other case, be made a matter of record, is so clear that it is hardly necessary to refer to the case of Heron v. Hoffner, 3 Rawle 396, where it was distinctly asserted that

it might be made in pais.  We have no hesitation in holding that the written notice given to the executors by the widow in three months after her husband's death of her refusal to accept the provisions of the will constituted a complete election on her part.  She could not afterwards repudiate it except upon clear proof that she was unacquainted with the value of the estate, and if it was thus binding upon her, it must equally bind all other parties in interest."

The exceptants thereupon took this appeal, assigning for error the action of the court, (1) in admitting in evidence the written paper purporting to be a notice of Ann Lang's election to take against her husband's will; (2) in refusing to admit the evidence that the testator had given Ann Lang several valuable pieces of real estate prior to his death.

*Arthur M. Burton*, for the appellants.

*J. C. Stillwell* (with whom was *G. W. Thorn*), for the appellees.

Chief Justice MERCUR delivered the opinion of the court, April 2d 1883.

The election of Ann Lang not to take under the will of her husband was in writing.  It was made about three months after the death of her husband.  The notice was addressed to the executors and delivered to them.  It is sufficient in form. The language does not express an intent to make an election at any future time.  The election to take under the intestate laws and the refusal to accept under the will are both expressed in the present tense.

This was a sufficient assertion of her rights.  She was not bound to file a copy of the notice of record, nor was it necessary that she should forthwith resort to active legal proceedings to have her share or portion of the estate set off to her.  In fact it was impracticable to do so until the debts of the decedent were paid and the estate settled.  Then, and not till then, could the property to which she was entitled be ascertained.

By her election thus unequivocally made her right in the property became vested.  The precise value of her interest was not then known, nor was the value of the interest of any heir of the decedent then known.  Each was to be determined in the future.  The mere fact that the widow died before her share was ascertained or set off to her, in no wise defeated the right of property which had vested in her under the election which she had made.  At no time during the life of Mrs. Lang did she do any act indicating an intention to repudiate her election. On the contrary when she executed a receipt for money paid to

[Middleton's Appeal.]

her by the executors, she was careful to insert in the body of the receipt that she had elected to take against the will. The election which she made vested in her, immediately and absolutely, one third of the personal estate of the decedent which remained after the payment of his debts, and the costs and expenses of administration.

The doctrine of advancement does not apply to a wife as to a child. There was therefore no error in rejecting evidence that the testator, during his life, had caused several pieces of land which he had purchased, to be conveyed to his wife. We discover no evidence in the case which precluded the widow from claiming under the intestate laws. Having so claimed, she died with her rights in the property unimpaired, and those rights passed to the appellees. We find no error in the record to correct.

Decree affirmed and appeal dismissed at the costs of the appellant.