Estate of Eber Anderson, deceased. Appeal of E. W. Mosteller, Administrator of Margaret Anderson, deceased.

*Decedents' estates—Widow's election to take against husband's will.*

The right given by statute to a widow to elect not to take under her husband's will is purely personal, and in the event of her death, without having exercised such right, her heirs or personal representatives cannot make the election: Crozier's Appeal, 90 Pa. 384.

Argued March 1, 1898. Appeal, No. 42, Jan. T., 1898, by F. W. Mosteller, from decree of O. C. Chester Co., making absolute a rule to quash petition for citation. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Petition for citation.

The petition of F. W. Mosteller, administrator, and one of the next of kin, of Margaret Anderson, deceased, widow of Eber Anderson, averred that said Eber Anderson died on September 9, 1896, leaving to survive him a widow, Margaret Anderson; that the said widow died on March 5, 1897, leaving to survive her a number of next of kin. The petition further averred as follows: " The said Eber Anderson left an alleged will which was probated on September 30, 1896, and is now of record in the register of wills' office in said county of Chester in will book 31, page 18, by which will, however, the said testator left none of his said estate to his said widow except a provision that after the payment of $3,000 to Mary E. Mosteller his said widow should receive the income of his said estate during her natural life.

" The petitioner further represents that said widow was old,

weak-minded and at times easily influenced between the death of her said husband and her own death, and that during said period the said widow was falsely and fraudulently deceived as to the contents of her said husband's will, and proper and correct information concerning its contents was fraudulently kept from her by one Joseph Anderson, who was appointed trustee for her by her said husband in his will, and who was also the executor of said will as well as the principal legatee under said will; that the said Joseph Anderson was assisted in the perpetration of the aforesaid fraud by one Mary E. Mosteller; that none of the other legatees named in said will are interested in this proceeding for the reason that none of their legacies can be affected whether this proceeding fails or not.

"The petitioner, therefore, showing that said widow was fraudulently prevented from expressly electing to take against the will of her said husband what she might take under the laws of this commonwealth, prays the court to issue a citation to Joseph Anderson and Mary E. Mosteller, commanding them to appear in court at a time therein named to answer this complaint and show cause why it shall not be ordered and directed by said court that it is presumed the said widow elected in her lifetime to take against her husband's will the property and estate of her said husband that she would be entitled to under the intestate laws of this commonwealth."

The court allowed and subsequently made absolute a rule to quash the appeal.

*Error assigned* was the decree of the court.

*W. S. Harris*, with him *W. W. Smithers*, for appellant.—Light v. Light, 21 Pa. 412; Toomey's Est., 2 W. N. C. 682; Tiedeman on Equity Juris. sec. 138; Merrill v. Emery, 10 Pick. 507; Spruance v. Darlington, 30 Atl. Rep. 666

*Charles H. Pennypacker*, for appellees, cited Crozier's App., 90 Pa. 384.

PER CURIAM, March 21, 1898:

There is no merit in this appeal. In Crozier's Appeal, 90 Pa. 384, this Court held that "the right given by statute to a

widow to elect not to take under her husband's will is purely personal, and in the event of her death without having exercised said right her heirs or personal representatives cannot make the election." That principle rules this case.

Decree affirmed and appeal dismissed at appellant's costs.