# Crippen et al. *v.* Bergold et al.

*Real property—Conveyances—Mortgages—Recording—Form of name on index—Name of grantor—Name of mortgagor—Omission of middle initial—Constructive notice.*

The purchaser of land from one commonly known as Herman Bergold, and signing his name without a middle initial, is bound

to take notice of a prior recorded and indexed mortgage covering the same land, executed by the same man, but signing with a middle initial, as Herman A. Bergold.

Prouty v. Marshall, 225 Pa. 570, distinguished.

Argued April 11, 1917. Appeal, No. 100, Jan. T., 1917, by R. J. Flick, terre-tenant, from judgment of C. P. Luzerne Co., March T., 1914, No. 207, on verdict for plaintiff, in case of Fred H. Crippen and M. C. Gaertner, Jr., Executors of Louisa A. O. Hickey v. Herman A. Bergold and R. J. Flick. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Scire facias sur mortgage. Before FULLER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for the plaintiff for $2,228.70 and judgment thereon. R. J. Flick, terre-tenant, appealed.

*Errors assigned* were in refusing defendant's motion for judgment n. o. v., answers to points and instructions to the jury.

*Paul Bedford,* with him *Frank A. McGuigan,* for appellant, cited Wood v. Reynolds, 7 W. & S. 406; Hutchinson's App., 92 Pa. 186; Peck's App., 11 W. N. C. (Pa.) 31; Grover & Baker Sewing Machine Co. v. Gruber, 2 Pearson (Pa.) 288; King v. King, 2 Chester County 45; Prouty v. Marshall, 225 Pa. 570; Seidel v. Bauer, 3 Pennypacker (Pa.) 448.

*Thomas F. Farrell,* with him *M. C. Gaertner, Jr.,* for appellee, cited: Seidel v. Bauer, 3 Pennypacker (Pa.) 448.

OPINION BY MR. JUSTICE POTTER, June 30, 1917:

This was a scire facias sur mortgage against Herman A. Bergold as mortgagor and R. J. Flick as terre-tenant. The mortgage, dated January 24, 1906, and duly recorded, was given by Herman A. Bergold upon his un-

divided one-tenth interest in certain premises located in the city of Wilkes-Barre. From the undisputed evidence at the trial, it appeared that there came to the mortgagor, under the will of his father to "children" without mentioning names, a one-tenth interest in his father's real estate, including the premises in question. In his infancy this son was baptized Christian Herman Bergold, but the first name was dropped, and he was always known by his family and acquaintances as "Herman" Bergold, without any middle letter. He was not known as Herman A. Bergold. However, in executing the mortgage in question, he signed his name Herman A. Bergold, and the mortgage was duly recorded and indexed in that way. Some two years later he sold the land covered by the mortgage, to R. J. Flick, the present appellant, signing the deed as Herman Bergold. The purchaser relied upon a certificate of the recorder that there were no mortgages of record against Herman Bergold, but no notice was taken of the mortgage, recorded and indexed more than two years before, against Herman A. Bergold, covering the land devised to him by his father. The trial judge gave binding instructions in favor of the plaintiff, and the terre-tenant has appealed.

The only question involved is one of notice. Was the purchaser of land from one commonly known as Herman Bergold, and signing his name without a middle initial, bound to take notice of a prior recorded and indexed mortgage covering the same land, executed by the same man, but signing with a middle initial, as Herman A. Bergold? Without hesitation we hold that this question must be answered in the affirmative. The appellant was clearly guilty of an oversight in failing to take notice of the mortgage. The purchaser was dealing with the children and devisees of John T. Bergold. When in examining the mortgage index for mortgages against Herman Bergold, the name of Herman A. Bergold was found, ordinary prudence would at once have required a reference to the mortgage itself, from which it would have ap-

peared that it covered the same interest which was being purchased from Herman Bergold. This fact would at once have put the examiner upon inquiry as to whether Herman A. Bergold and Herman Bergold were not one and the same person, the son and devisee of John T. Bergold. It is always easy to ascertain whether or not a mortgage affects the property under examination, so that the prudent rule in examining a mortgage index is to note everything appearing against the name in question, with or without a middle initial. In the present case the name Herman A. Bergold, of course included the name Herman Bergold, and a search against all the Hermans would have disclosed the mortgage executed by Herman A.

Counsel for appellant cites and relies upon the decision in Prouty v. Marshall, 225 Pa. 570, as sustaining his contention. But the facts of that case differ from those now before us. There the mortgage was made by L. J. Marshall. On the record, however, the name and signature of the mortgagor was written S. J. Marshall, and it appeared in the index for first names in that way under the letter "S." There was no entry of the mortgage on the subindex for first names under the letter "L," as there should have been. As a matter of course, any one searching for mortgages made by L. J. Marshall would look in the subindex under "L," and not under "S," and the entry under the latter letter would not be notice to him of the mortgage. The recorder simply made a mistake in indexing. But in the case at bar the mortgage was indexed under the proper letter, and the correct name appeared upon the record. Not merely the initial, but the first name, Herman, appeared in full, as well as the last name, and in addition a middle initial was inserted. The mortgage was indexed in this way in the same column of the index book in which appellant was bound to look for mortgages against his grantor. It was recorded and indexed precisely as it was written and signed. The mortgagee was in no way at fault in

taking or recording her mortgage. She ascertained that the mortgagor, as Herman A. Bergold, claimed title to the land, in his capacity as son and devisee of John T. Bergold, and she searched the records against him and his predecessors in title. It was not for her to question the right of the mortgagor to use a middle initial in signing his name, as there was nothing of record in connection with the property inconsistent with that signature. He thereby identified himself in that connection as Herman A. Bergold, which fact would have been apparent to appellant had he followed up the notice which the indexing of this mortgage fairly gave to him. As the court below well says: "We are unable to perceive any reason in the present case why the terre-tenant could have been excusably misled, for he was no better advised of the true name than the mortgagee, and as the index would have disclosed the name of Herman A. Bergold with reference to a mortgage upon the identical property, he was thus fairly put upon inquiry respecting the identity of his vendor with the mortgagor."

The assignments of error are overruled, and the judgment is affirmed.