## Swartz Estate.

*Decedents' estates—Practice, O. C.—Election to take against will —Act of April 21, 1911, P. L. 79.*

An election to take against a will is properly made, and the requirements of the Act of April 21, 1911, P. L. 79, are fulfilled, when the attorney for the surviving husband exhibited to the executor of the decedent, the election to take against the will, notified him of its contents and informed him that he was leaving the said written election with the recorder of deeds for the purpose of being recorded, and when the executor made no objections to such actions.

*Decedents' estates—Election to take against a will—Estoppel.*

One who looks on and makes no objections, and by his silence gives acquiescence to certain acts, cannot afterward take advantage of some irregularity of which his silence impliedly approved.

Argued April 15, 1919.   Appeal, No. 114, April T., 1918, by W. J. Swartz, Administrator of the Estate of

R. J. Swartz, deceased, from decree of O. C. Mercer Co., April T., 1918, No. 42, dismissing exceptions to Auditor's report in Estate of Alice Swartz, deceased. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WIL-LIAMS and KELLER, JJ. Reversed.

Exceptions to auditor's report. Before MCLAUGHRY, P. J.

The facts are stated in the opinion of the Superior Court.

The court sustained the exceptions to the auditor's report.

*Errors assigned* were in sustaining exceptions.

*J. W. Nelson,* and with him *R. L. Rickard,* for appellant.

*Q. A. Gordon,* for appellee.

OPINION BY ORLADY, P. J., July 17, 1919:

The controlling facts in this case are not in dispute. Alice Swartz died testate, February 21, 1917. On February 28, 1917, her husband, R. J. Swartz, executed a notice of election to take against the last will and testament of his deceased wife, and to "accept and take under the laws of Pennsylvania." This was acknowledged before the recorder of deeds and placed on record the same day in the recorder's office in "Election Under Wills Book, vol. 1, page 21." R. J. Swartz, the surviving husband, died on May 20, 1917. The only question for our consideration is the effect to be given undisputed facts relating to the delivery of the notice of R. J. Swartz, the surviving husband, to the executor to take against the will of the deceased wife, under the Act of April 21, 1911, P. L. 79, which provides as follows: "Section 1. Be it enacted, etc., That surviving husbands or wives electing to take under or against the will of decedents shall, in all cases, mani-

fest their election by a writing signed by them, duly acknowledged by them before an officer authorized by law to take acknowledgments of deeds, and delivered to the executor or administrator of the estate of such decedent. Section 2. No payment from the estate of such decedent shall be made to any husband or wife unless his or her election shall have been duly executed, acknowledged and delivered, as provided by the first section of this act." The learned auditor who made distribution of the estate, found as facts,—first, that the husband executed a proper written election to take against the will of his wife; second,—that the attorney for the surviving husband exhibited the written election to George W. Magee, executor of the estate of Alice Swartz, and made known to him the contents thereof; third,—that the attorney at that time notified the executor that he was leaving the said written election with the recorder of deeds in and for Mercer County, for the purpose of being recorded; fourth,—that the attorney at that time by his acts and declaration made known the intention of the surviving spouse by the written election to take against the will of the deceased wife; five,—that the attorney at the same time left the written election with the recorder of deeds for record, but found as a fact, that the attorney did not give to the executor the custody and possession of the written election at the time stated, and hence no actual delivery of the written paper was made, and bases this conclusion of fact on the testimony of the attorney as follows: viz: "I prepared said written election to take against the will of Alice Swartz, deceased, had R. J. Swartz acknowledge to the same before the recorder of deeds and before leaving the paper for record with the recorder, saw Mr. George W. Magee, as aforesaid, in the clerk of court's office and exhibited the said written election and stated that it would have to be recorded and that I would take the same over to the recorder's office, which I did......When this matter was discussed with Mr. Magee in the clerk of court's office, it was at the counter,

just inside the door, front entrance to the office and the election was laid on the counter before Mr. Magee for him to examine or to do as he pleased with it, but as stated before in my testimony I remarked that it had to be recorded, and I would take the same to the recorder's office."

We cannot agree with the auditor's conclusion of fact. The written paper was in due form,—it was exhibited to the executor. Its purpose being unmistakenly declared, the executor knew its contents and the effect it was intended to have. He made no objection or protest; the paper was placed on record almost in his very presence, without objection. His standing mute under such circumstances cannot nullify the effect of a delivery of the paper to him. When the attorney stated "it would have to be recorded and he would take it over to the recorder's office" and the executor made no objection, all rules of common sense and fair dealing would necessarily imply that, without objection on the part of the executor, the act of the attorney was with his assent. "If a person by his conduct induces another to believe in the existence of a particular state of facts, and the other act thereon to his prejudice, the former is estopped, as against the latter, to deny that the state of facts does in truth exist." Vol. 16 of Cyc., pages 680 and 681. "Estoppel by silence arises where a person who by force of circumstances is under duty to speak refrains from doing so and thereby leads the other to believe in the existence of a state of facts in reliance upon which he acts to his prejudice." His silence, which is now so earnestly relied on, was grossly misleading. The attorney could have simply handed the paper to him and complied with every legal requirement. The paper was not for the executor to keep, but to pass on for record, as the attorney did, as a record memorial of the husband's declaration of intention. The mere fact that the executor did not take physical control of the paper, but was satisfied to be advised of its contents and see it when it was laid before him within

143, (1919).]          Opinion of the Court.

line of reading vision, with the statement that it would be placed on record, is not sufficient to defeat the statutory requirement of delivery. If his silence was intended to frustrate a completed delivery, it should receive no encouragement through emphasizing such a technicality. If his standing mute was unintentional or designed, the acts of the parties should be measured by their intention expressed or implied.

The decree of the court below is reversed, the record remitted with a procedendo to make distribution in accordance with this opinion.