## Mann *v.* Mann, Appellant.

*Decedents' estates — Rights of surviving husband — Curtesy — Election to take—Act of April 21, 1911, P. L. 79.*

The husband of a decedent, dying prior to the approval of the Wills Act of 1917, who elects to take his curtesy is entitled to the mesne profits from the date of the death of the decedent.

Where no other rights intervene it is not material when the surviving husband files his formal election in strict compliance with the provisions of the Act of April 21, 1911, P. L. 79.

Argued April 30, 1920. Appeal, No. 99, April T., 1920, by defendant, from judgment of C. P. Allegheny County, Oct. T., 1917, No. 1031, on verdict for plaintiff in the case of David R. P. Mann v. Joseph W. Mann. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Ejectment to recover mesne profits. Before SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict in favor of the plaintiff for land described in writ and $832 in damages, and judgment thereon. Defendant appealed.

*Error assigned* was the charge of the court and refusal to grant a new trial.

*Robert D. Dalzell,* of *Dalzell, Fisher and Dalzell,* for appellant.—Until an election had been made, the hus-

band was not entitled to the real estate as tenant by curtesy. He had no right of possession of the real estate and was not entitled to the mesne profits: Guenthoer's Est., 235 Pa. 67; Moore's Est., 50 Pa. Superior Ct. 76; Beck's Est., 265 Pa. 51; Schwartz's Est., 72 Pa. Superior Ct. 143.

*P. H. McGuire,* for appellee.—There is no limit in point of time to a right to elect, unless it can be shown that injuries resulted to third persons by delay: Davis v. Fenner, 30 Pa. Superior Ct. 389; White's Est., 23 Pa. Superior Ct. 552; Flynn v. Parker, 256 Pa. 186.

OPINION BY LINN, J., July 14, 1920:

While other questions were raised below, only one is brought here. It is thus stated by appellant: "Can a surviving husband recover from his son, the devisee and executor of the deceased wife and mother, mesne profits between the death of the wife and the notice of election in the form provided by the Act of April 21, 1911, P. L. 79, to take against the will of the decedent?"

Plaintiff, the surviving husband of Nancy Mann, deceased, brought an action of ejectment and for mesne profits against defendant, their son. Testatrix died July 2, 1915, inter alia devising the premises in suit to defendant. He was also appointed executor and received letters testamentary but filed no account. The will contained no provision for plaintiff. On November 17, 1915, and twice thereafter, plaintiff by writing notified defendant of his election to take his curtesy, but the notices were not executed and acknowledged in accordance with the Act of 1911. On August 14, 1917, he brought this suit and on the day of trial, April 3, 1919, served upon defendant as executor a notice manifesting his election as provided by the statute. The jury rendered a verdict for the plaintiff for the land and for $832 damages. The rental value of the land seems to have been conceded.

Appellant asserts that until an election had been manifested as specified in the statute, the husband did not become tenant by the curtesy, and denies the position of appellee that he became so entitled from the date of his wife's death.  All the notices of election given by plaintiff specified that he elected to enjoy his tenancy by curtesy.  No element of estoppel is involved.  Plaintiff could elect to enjoy his curtesy or he could surrender it by electing to take under the Act of 1855 as amended in 1909 and in either event, no other rights having intervened, the time of election would be unimportant (this question having arisen prior to and not being governed by the Wills Act of 1917).  Appellant says that "the Act of 1911 applies to all cases (and that) it is absolutely necessary for a surviving husband to follow the form prescribed by the Act of 1911 and until he has done so, there is no election."  The act provides that "surviving husbands or wives electing to take under or against the wills of decedents shall in all cases manifest their election......," which means only that the election shall be manifested, i. e., evidenced by the writing specified. Such writing was duly executed and delivered to the executor in this case.  Plaintiff was asking for no payment from the estate of the decedent under section 2, and there is nothing in the act taking from him the "husband's independent and preëxisting freehold by the curtesy," Clarke's Est., 79 Pa. 376, and suspending it until such time as he may elect to retain it or to divest himself of it; the delay, perhaps, becoming material only if intervening events led to estoppel.  If he had elected to divest himself of his curtesy and to take under the Acts of 1855 and 1909, an intestacy pro tanto would have resulted, and he would take as of the date of the death of testatrix:  Buckland's Est., 239 Pa. 608, 615. In Paul's Executors v. Paul, 36 Pa. 270, a widow electing to take against her husband's will was held "legally entitled to dower in (his) farm and to the arrears from the death of her husband."

The judgment is affirmed.