# Morrison Estate.

*Decedents' estates—Wills—Widow's election to take under will —Setting aside election—Failure of widow to understand her rights.*

A widow's election to take under her husband's will, executed twelve days after she heard the will read, will be set aside at her own request, if no intervening rights are affected, where it appears she was not informed by the executor or any other person of her rights, and that the official who took her acknowledgment and upon whom she relied, had either purposely, mistakenly, or actually misinformed her as to her rights.

Argued September 26, 1922. Appeal, No. 50, Oct. T., 1922, by Frank F. Morrison, executor and devisee, from decree of O. C. Westmoreland Co., May T., 1921, No. 275, dismissing exceptions to decree of distribution, in estate of James Morrison, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to decree of distribution. Before BEACOM, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Frank F. Morrison, executor and devisee, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Lewis C. Walkinshaw,* with him *H. H. Dinsmore,* for appellant.

*Robert W. Smith,* with him *James S. Moorhead* and *R. E. Best,* for appellee.

PER CURIAM, October 20, 1922:

Here the personal estate of James Morrison, who died January 21, 1920, was before the court below for distribution, on the account of Frank F. Morrison (appellant), executor, who was also a devisee. On February 10, 1920, the widow, Elizabeth Morrison, executed an election to take under her husband's will, and this was recorded by the executor, in the manner required by subdivision "e" of section 23 of the Wills Act of June 7, 1917, P. L. 403. Mrs. Morrison later changed her mind, and, on February 23, 1920, attempted to file with the executor a second election, refusing to take under the will, which was sent to the attorney for the estate, but was not recorded by him, because his client took the position that the first election was binding and could not be thus set aside. On April 2, 1920, the widow executed another paper, covering her second election, which her attorney recorded in due form on May 4, 1920. When the matter came before the court below, the widow presented evidence as to the circumstances attending the first election; whereupon that tribunal disregarded it and accepted her last election, saying, "The question for decision is the validity of the election to take under the will, executed by the widow twelve days after she had heard the will read. If she knew the value of the estate and understood what she would be entitled to receive if she refused to take under the will, she is bound by her election, otherwise she is not. Did the executor, who was acting as a trustee and was bound to the utmost good faith, explain to her what her rights were under the law? The most he claims is that he explained the will to her and that the paper was an election to take

under the will.  In addition to this there is the testimony of the notary who took her acknowledgment, who was called to testify in behalf of the estate, who admits he misinformed her as to her rights.  His testimony would indicate that he did not mean to mislead her, but rather that he did not know what her rights were under the law.  At all events, it is clearly apparent the executor did not explain to her fully what her rights were, how she would be affected by her election, and that the official who took her acknowledgment and upon whom she would naturally rely, misinformed her.  The case cited by the attorney for the estate (Johnson's Est., 244 Pa. 600) has no application to her.  In that case the court found as a fact that the widow was informed explicitly as to all her rights under the law, just how she would be affected by her election to take under the will and what she would get if she refused to take.  In this case it is found as a fact that the widow was not informed by the executor or any other person as to these rights, but on the contrary that she was, either purposely or mistakenly, actually misinformed, and her election under these circumstances does not bind her [citing Woodburn's Est., 138 Pa. 606]......The election to take under the will is therefore treated as a nullity, and in the distribution of the estate the widow is given what she is entitled to under the intestate law, including her exemption."

It may be noted there is no allegation in this case that the rights or interests of any other parties, who depended on the record of the first election, have been affected.

The decree is affirmed at the cost of appellant.