## Roberts's Estate.

*Decedents' estates—Widow's election to take against will—Oral election—Estoppel.*

1. While the widow has two years to elect to take against her husband's will, and her oral acceptance of its provisions is not binding upon her, such oral acceptance, taken in connection with payments made to her by the executor in reliance thereon, may work an equitable estoppel of her right of election.

2. Authority given by the widow to her executor or her attorney to file a written election to take against the will is revoked by her death.

*Widow's exemption of $500—Allowance at audit—Absence of formal written claim.*

3. Where the estate consists entirely of cash and the widow notifies the executor orally of her intention to claim the exemption of $500, the exemption will be allowed at the audit, although in her lifetime she made no formal written claim to any particular part of the estate.

Exceptions to adjudication. O. C. Phila. Co., April T., 1923, No. 1239.

*Henry W. Scarborough,* for exceptions; *Buckman & Buckman,* contra.

LAMORELLE, P. J., July 10, 1923.—The exceptions raise two questions: (1) Whether a widow's election to take against her husband's will may be delivered and recorded after her death; and (2) whether her exemption of $500 may be allowed at the audit in cash, where in her lifetime she made no formal written claim for any particular part of the estate?

The auditing judge allowed both claims.

The facts are few and simple: Andrew J. Roberts died April 30, 1922. He bequeathed and devised his estate unto Thomas R. Heller, in trust, to pay the income to his wife, Elizabeth D. Roberts, for life, and in event of such income being insufficient for her proper maintenance and support, directed that there should "be paid to her for the said purpose so much of the principal, from time to time, as may be necessary." On her death, "what shall be left of my residuary estate" was given to a brother, James V. Roberts, absolutely.

The estate consisted of a dwelling-house, said to be worth $4500; this property was occupied by the widow until the time of her decease, some nine months thereafter. The personal estate, after the payment of debts, approximated $3000.

Shortly after her husband's death, a conference was had, the widow, the executor and his counsel being present. The will was shown her, and she stated that, while "she had the privilege to take against it," she would accept

3 D. & C.

its provisions. She also asked about her exemption, and was informed by the attorney that it would receive attention.

In November, 1922, she met with a severe injury, and thereafter, apparently, was confined to the house. During all of this time, beginning May 5, 1922, and continuing up to and extending after her death, money from the principal of the estate was paid to her or for and on her account, to a large extent, for nurses, physicians and upkeep of the home. The personal estate consisted entirely of cash; the principal was depleted by these payments. The only income was interest on deposits, and this was not received by the executor until months after the widow died.

On Jan. 20, 1923, Elizabeth D. Roberts, the widow, executed a will, whereby she gave unto her brother, Richard E. Clayton, all money in her possession at the time of her death, or any which might be due her from the estate of her deceased husband, and she appointed a niece, Elizabeth D. Clayton, executrix. Two days after the making of the will, she signed an election, addressed to the executor of her husband's will, wherein she claimed the benefit of the $500 exemption, demanded that one-half of the estate be paid to her under the intestate laws, and stated that she had elected to take against the will. In whose possession this paper remained the record does not disclose. On Feb. 13, 1923, she acknowledged the election before a notary, and the next day she died.

The attorney for the executrix of her will lodged this election for record on Feb. 21, 1923, seven days after the widow's decease. From whom he obtained it is not shown. On April 9, 1923, he mailed the paper, so recorded as aforesaid, to the executor of the will of Andrew J. Roberts.

Had the widow lived, she was entitled to receive all of the income, and because of the meagreness of the estate, it is a fair presumption that in a short time she would have consumed the principal. It was, therefore, manifestly to her interest, living, to accept the provisions of the will. It was to the advantage of her brother, in event of her death, that her election to take against the will should be used. By retaining possession of the paper, or having the same under her control, she was enabled at one and the same time to take under the will and against it.

The present contest, therefore, is really between her brother, as her legatee, and her husband's brother as his residuary legatee.

In the circumstances, we cannot commend this course of double dealing. While it is true that, under the law, she had two years in which to elect, and while it is true that her verbal acceptance of the provisions of the will were not binding (Beck's Estate, 265 Pa. 51; Morrison Estate, 275 Pa. 180), the law giving a widow the right to take against the will was never intended to permit her to play fast and loose, nor to gamble on her own death.

In Grady's Estate, 28 Dist. R. 547, where the widow's election to take against the will was given to her attorney the same night she died, but after her death, and it being shown that it was to be used in event of her becoming seriously sick or of dying, the Orphans' Court of Lancaster County held that the election was invalid, in that the authority of the attorney to act ceased with the death of the widow.

The facts in the instant case, in our opinion, bring it within this ruling, and the exceptions, so far as they relate to the election to take against the will, must be sustained.

So far as the exemption is concerned, in that the personal estate consisted entirely of cash, no appraisement was required, and as it is not disputed that

she notified the executor of her purpose, her exemption of $500 is to be allowed. See Cochran's Estate, 28 Dist. R. 654.

The exceptions, so far as they relate to the election to take against the will, are sustained; the exceptions, so far as they relate to the widow's exemption, are dismissed; and, thus modified, the adjudication is confirmed absolutely.