## Roberts's Estate.

*Decedent's estate—Wills—Election to take against—Death of party electing—Effect.*

An election to take against a will executed by a widow, and not delivered until after her death is invalid.

The right of election is a personal privilege which perishes with the person, and where such right has not been exercised in the lifetime of the survivor, it does not accrue to his or her personal representative.

Argued October 16, 1923. Appeal, No. 258, Oct. T., 1923, by Elizabeth D. Clayton, Executrix of the Estate of Elizabeth D. Roberts, deceased, from decree of O. C. Phila. Co., April T., 1923, No. 1239, sustaining exceptions to adjudication in the case of Account of Thomas R. Heller, Executor of the Will of Andrew J. Roberts, deceased. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication. Before GUMMEY, J.

The facts are stated in the opinion of the Superior Court.

The court, in banc, in an opinion by LAMORELLE, P. J., sustained the exceptions in so far as they related to the election to take against the will. The executrix of the widow appealed.

*Error assigned* was the decree of the court sustaining the exceptions.

*J. H. Buckman,* of *Buckman & Buckman,* for appellant.—The widow's election to take against her husband's will, even where delivered and recorded after his death, is a valid election: Beck's Est., 265 Pa. 51; Morrison Est., 275 Pa. 180.

*Henry W. Scarborough,* for appellee.—The election was incomplete without delivery in the lifetime of the surviving spouse: Kern's App., 120 Pa. 523; Church v. McLaren, 85 Wis. 122; Gunyon's Est., 55 N. W. 152; Grady's Est., 28 Pa. D. R. 547; Fiss' Est., 46 C. C. 521; Ruth's Est., 35 Lancaster 174; Greiner's Est., 103 Pa. 89.

OPINION BY TREXLER, J., November 21, 1923:

Andrew J. Roberts died April 30, 1922, and in his last will and testament, left his estate in trust, net income to be paid to his wife, Elizabeth D. Roberts, for life with the right of consumption of the principal, if necessary, and at her death the residue to go to his brother. It will be necessary to observe the dates. On January 22, 1923, the widow in writing elected to take against the will. This writing was acknowledged before a notary public on February 13, 1923, and on February 14th the widow died leaving a last will and testament and appointing an executrix, the appellant in this case. The election to take against the will was recorded in the recorder's office in Philadelphia County on February 21, 1923, and on April 9, 1923, it was served upon the executor of the husband by counsel of the executrix of the widow.

Under section 23 of the Wills Act of 1917, P. L. 410, "A surviving spouse who shall elect to take against the will is entitled to such interests in the real and personal estate of the deceased spouse as he or she would have been entitled to had the testator died intestate." Clause B of the section provides: "A surviving spouse electing to take under or against the will of the decedent, shall, in all cases, manifest the election by a writing signed by him or her, duly acknowledged before an officer authorized by law to take the acknowledgment of deeds, and delivered to the executor or administrator of the estate of such decedent within two years after the issuance of letters testamentary or of administration. Neglect or refusal or failure to deliver such writing within said

period shall be deemed an election to take under the will." It will be observed by reading this clause that the election must be in writing, must be duly acknowledged, and must be delivered. It will be noticed that in the present case the election was not delivered until after the death of the widow of Andrew J. Roberts. Is such delivery by her executrix compliance with the act? If she had continued to live, could she not have taken under the will notwithstanding her written election for until the moment of delivery she still had control of it. It was, therefore, not fully exercised by her in her lifetime. In McClintock's Est., 240 Pa. 543, the right of election is held to be a personal privilege which perishes with the person, and where such right has not been exercised in the lifetime of the survivor, it does not accrue to his or her personal representative. We think the learned president judge of the orphans' court correctly states the situation in the opinion filed in this case: "Had the widow lived, she was entitled to receive all of the income, and because of the meagerness of the estate, it is a fair presumption that in a short time she would have consumed the principal. It was, therefore, manifestly to her interest living to accept the provisions of the will. It was to the advantage of her brother, in event of her death, that her election to take against the will should be used. By retaining possession of the paper, or having the same under her control, she was enabled at one and the same time to take under the will and against it. The present contest, therefore, is really between her brother, as her legatee, and her husband's brother as his residuary legatee. .... While it is true that under the law she had two years in which to elect, and while it is true that her verbal acceptance of the provisions of the will were not binding (Beck's Est., 265 Pa. 51; Morrison Est., 275 Pa. 180), the law giving a widow the right to take against the will was never intended to permit her to play fast and loose, nor to gamble on her own death."

The decree of the orphans' court is affirmed. Appellant to pay the costs.