# McCutcheon's Estate.

*Wills—Election by widow—Setting aside election to take under will—Family settlements—Waiver of requirements of Act of June 7, 1917, P. L. 403.*

1. If action has been taken by husband or wife to take or not to take under a will in ignorance of the value of the estate, or of the rights which would accrue under the will as compared with the interests under the intestate laws, then the first election may be set aside, and the distribution be made in the way provided by law.

2. Ordinarily the requirements of the Act of June 7, 1917, P. L. 403, as to election to take under or against a will must be complied with, but there may be a waiver of irregularities by those interested.

3. Where there has been no formal compliance with the directions of the statute as to acknowledging, recording and serving the election during life, due to agreements between those interested, or resulting from amicable negotiations to this end, the

intention of the survivor being known to all, a waiver of the statutory requirements will follow.

4. Where a widow elects to take under a will in ignorance of her rights, and subsequently, in pursuance of an agreement by all parties in interest an order is prepared for presentation to court in which it is stated that all concerned "agree to allow the widow to take against the will," and the widow dies on the same night before the signature of the court has been obtained, the widow's administrator may assert her rights to take against the will.

5. Family settlements are favored in law, and are not to be disturbed without good reason if any one in interest objects.

Argued March 17, 1925. Appeal, No. 4, March T., 1925, by S. C. McCutcheon, son of testator, from decree of O. C. Allegheny Co., March T., 1924, No. 285, dismissing exceptions to adjudication, in estate of Robert S. McCutcheon, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of MILLER, P. J. Before TRIMBLE, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed, MITCHELL, J., dissenting.

S. C. McCutcheon, son of testator, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Maynard Teall*, with him *W. W. McAdams* and *Reed, Smith, Shaw & McClay*, for appellant.—The widow's death abated her proceeding to set aside her election to take under the will: Crozier's App., 90 Pa. 384; Anderson's Est., 185 Pa. 174; Geist's Est., 193 Pa. 400; Arnold's Est., 249 Pa. 348.

The evidence was insufficient to justify setting aside the election to take under the will: Johnson's Est., 244 Pa. 600.

The widow never elected to take against the will: Beck's Est., 265 Pa. 51; Rhodes' Est., 277 Pa. 450; Roberts' Est., 82 Pa. Superior Ct. 251.

Neither estoppel nor contract prevents appellant from resisting the proceeding to "perfect" the alleged election to take against the will.

The widow's statutory right to elect not to take under her husband's will is purely personal and cannot be exercised or enjoyed after her death by her heirs or personal representatives: Crozier's App., 90 Pa. 384; Anderson's Est., 185 Pa. 174; Fleming's Est., 217 Pa. 610; McClintock's Est., 240 Pa. 543; Roberts' Est., 82 Pa. Superior Ct. 251.

*Albert C. Hirsch,* with him *Watson & Freeman,* for appellee.—The agreement between the widow and the residuary legatee that the widow take against the will was a binding contract and settled the rights of the parties: Wilen's App., 105 Pa. 121; Walworth v. Abel, 52 Pa. 370; Cooper's Est., 147 Pa. 322; Ralston's Est., 172 Pa. 104; Buckland's Est., 239 Pa. 608; Gray v. McCune, 23 Pa. 447; Paul v. Paul, 36 Pa. 270; Welch v. Anderson, 28 Mo. 293; Miller's Est., 279 Pa. 30; Bradford v. Kentz, 43 Pa. 474.

The expressed intention of the widow to take against the will, expressly approved and assented to by the only other party interested, was a sufficient manifestation and ascertainment of the widow's election to satisfy section 23 of the Wills Act of 1917, P. L. 403: Powell's Est., 225 Pa. 518; Gray v. McCune, 23 Pa. 447; Crozier's App., 90 Pa. 384; Cunningham's Est., 137 Pa. 621; Denis' App., 169 Pa. 493; Fitzgibbon's Est., 272 Pa. 345; Buckland's Est., 239 Pa. 608; Mann v. Mann, 75 Pa. Superior Ct. 16; Greiner's App., 103 Pa. 89.

OPINION BY MR. JUSTICE SADLER, April 13, 1925:

Robert S. McCutcheon died in 1923, testate, leaving a wife, and a son by an earlier marriage. He gave to the former one thousand dollars, and the right to the use of the family residence. The larger part of the residuary estate was placed in a spendthrift trust for the bene-

fit of the wife during her lifetime, or as long as she remained a widow. Thirteen days after the husband's death, and before the will was probated, the attorneys for the executor, and others interested, secured from her a written election to take under the will. She was not represented by counsel at the time, and, as appears by the testimony, was then in a highly nervous and exhausted condition. No explanation as to the amount of assets was presented to her, nor was the extent of the estate which she could obtain by taking against the will indicated. Later, she was called to a distant state by reason of the illness of a daughter, the issue of her first marriage. On her return to Pittsburgh, advice was given as to her rights, and counsel was employed to institute "proper proceedings to allow [her] to take against the will of [the] husband."

As a result, a petition was filed in the orphans' court asking that the previous election be set aside, and leave be granted to take the share given by the intestate laws. The answer of the executor, in view of the allegations, asserted a willingness that an order be made as prayed for, and that there was no objection to awarding the relief demanded. Later, counsel for all parties interested, including the residuary legatee, met, and, in settlement of the dispute, so that further litigation might be avoided, prepared a decree for presentation to the court in which it is stated that all concerned "agree to allow the widow to elect to take against the will." This family adjustment of the controversy was reached on April 4, 1924, and the same night the widow died, before the signature of the court had been obtained. To carry out the understanding, the administrator of the wife presented his petition, setting forth the facts as above narrated, and asking that the share of the husband's estate be awarded to him in the proportion fixed by the intestate laws. The answer of the executor denied the right to so order, on the theory that the power to take against the will was personal, and, not having been

formally exercised during life, could not be asserted by her representative. In view of the agreement of the parties, the trial judge, and later the court in banc, held the transaction to be so far completed that it was enforceable, and granted the prayer of the petitioner. From the decree entered, this appeal was taken.

So that executors might safely administer the estates of decedents, provision was made for the giving of notice by a surviving spouse, as to his or her intention to take or refuse to take under a will. No formality was required under the Act of 1832: Greiner's App., 103 Pa. 89. This was changed by the Act of 1911, practically reënacted by the Wills Act of 1917 (P. L. 403, sec. 23), which provides for an election in writing to be duly acknowledged and recorded, and a copy served on the representative of the decedent. Ordinarily, these requirements must be complied with (Beck's Est., 265 Pa. 51), but there may be a waiver of irregularities by those interested: Swartz's Est., 72 Pa. Superior Ct. 143. The purpose of the legislation was to give accurate information to the executor of the purpose of the husband or wife, so that a proper adjustment of the assets could be made. If there is a failure to so proceed within six months, the orphans' court may compel a decision, and its decree can be certified and recorded with binding effect upon the parties interested.

The choice of the claimant must be either to take under the will or the interstate laws, for benefits in both ways cannot be secured (Powell's Est., 225 Pa. 518; Cunningham's Est., 137 Pa. 621), and acquiescence in a distribution on either theory will estop the one accepting: Fitzgibbon's Est., 272 Pa. 345; Roberts's Est., 82 Pa. Superior Ct. 251. If an election is made with full knowledge of all essential facts, it cannot be withdrawn: Gray v. McCune, 23 Pa. 447; Johnson's Est., 244 Pa. 600. But, no intervening rights appearing (Powell's Est., supra; Mann v. Mann, 75 Pa. Superior Ct. 16), the expression of intent once made may be retracted upon

discovery of the true situation. If action has been taken by the wife or husband in ignorance of the value of the estate, or of the rights which would accrue under the provisions of the will as compared with the interests given by the intestate laws, then the first election may be set aside, and the distribution be made in the way provided by law. "The law upon this point is settled. While there is no allegation that the widow was intentionally deceived or misled, yet the fact remains that she signed the paper in ignorance of her rights, without any attempt on the part of the executor to inform her of them, or of the effect of the paper to which he procured her signature......The authorities are clear that nothing less than unequivocal acts will prove an election, and they must be done with a knowledge of the party's rights, as well as of the circumstances of the case. Nothing less than an act intelligently done will be sufficient. She should know, and, if she does not, she should be informed, of the relative values of the properties between which she was empowered to choose; in other words, her election must be made with a full knowledge of the facts. The rule applies with especial force where the widow is called upon, as in this case, to make her election shortly after her husband's death": Woodburn's Est., 138 Pa. 606, 614; Kreiser's App., 69 Pa. 194; Morrison's Est., 275 Pa. 180.

It is true that the privilege of election is a personal one, and to be asserted during the lifetime of the surviving spouse. Creditors cannot compel such action (Fleming's Est., 217 Pa. 610), nor can the personal representative ordinarily act on behalf of his decedent (Crozier's App., 90 Pa. 384; Anderson's Est., 185 Pa. 174; Geist's Est., 193 Pa. 398), though, if the election was made before death, the administrator or executor may continue proceedings to secure the benefits resulting: Paul's Exrs. v. Paul, 36 Pa. 270. Where there has been no formal compliance with the directions of the statute as to acknowledging, recording and serving the

election during life, due to agreements between those interested, or resulting from amicable negotiations to this end, the intention of the survivor being known to all, a waiver of the statutory requirements will follow: Buckland's Est., 239 Pa. 608; Swartz's Est., 72 Pa. Superior Ct. 143.

In the present case, Mrs. McCutcheon clearly indicated her desire to take against the will, and her action was agreed to and approved by all in interest. There is no reason why they could not dispense with the acknowledging and recording of a formal paper showing her intention, and the action here was the result of conferences which compromised and terminated the litigation. Though the prepared decree was not actually signed, the parties had put their understanding in writing. Family settlements are favored in law, and are not to be disturbed without good reason if any in interest objects: Wilen's App., 105 Pa. 121. This situation is found in the instant case, and the settlement reached should be upheld: Buckland's Est., supra. Other states have held likewise, where similar statutes were in force: Welch v. Anderson, 28 Mo. 293; Emerson's Est. (Ia.), 183 N. W. 327. Under the circumstances, the administrator was justified in asking that the wife's share in the husband's estate should be measured by the interest given to her under the intestate laws, and the learned court below correctly so held.

The decree is affirmed at the cost of appellant.