NANCY K. McFEELY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 69492. Promulgated February 2, 1934.

*Harry B. Wassell, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

1000

OPINION.

SMITH: The question presented by this proceeding is the amount of taxable profit realized by the petitioner from the sale of 1,000 shares of Radio "A" common stock on March 14, 1929, for the sum of $484,460, and whether the profit realized was a capital net gain or ordinary net income. The petitioner contends that, whatever the amount of the profit, it was a capital net gain within the meaning of the statute, and the respondent contends that it was ordinary net profit and not taxable under the capital net gain provisions of the statute. The contentions of the respondent are set forth in his deficiency notice to the petitioner under date of December 16, 1932, as follows:

3. The profit of $404,085.00 on the sale of 1,000 shares of Radio Corporation of America "A" has been included in schedule 8. Your contention that the profit on the sale of this stock represented capital net gain under the provisions of Section 101 of the Revenue Act of 1928 for the reason that you acquired an absolute right in property of value in 1925 and sold such property in 1929, more than two years later, has been considered.

Section 101 (c) (8) (B) of the Revenue Act of 1928 provides as follows:

" In determining the period for which the taxpayer has held property however acquired there shall be included the period for which such property was held by any other person, if under the provisions of section 113, such property has, for the purpose of determining gain or loss from a sale or exchange, the same basis in whole or in part in his hands as it would have in the hands of such other person."

It appears that the stock in question was acquired under an assignment by your mother of a portion of her interest in the Estate of T. H. Given and the basis for gain or loss purposes in accordance with section 113 (a) (2) of the Revenue Act of 1928 is the same as it would have been in your mother's hands. Therefore, the period during which your mother held the property should be added to the period it was held by you in order to determine the total period for which the particular property was held.

In this case, the decree of distribution of the stock was not made until November 3, 1927 and that date governs for gain or loss purposes under section 113 (a) (5) of the Revenue Act of 1928. In view of this fact it is inconsistent

to hold that the stock was in your mother's hands prior to November 3, 1927, the date of the decree of distribution. That date which governs for gain or loss purposes, as the law specially so provides, should be used also for capital gain determination. Since the Radio Corporation stock was sold on March 14, 1929, not having been held by you nor by the donor for a period of two years from November 3, 1927, the profit may not be considered capital net gain but is subject to both normal tax and surtax.

Section 101 of the Revenue Act of 1928, so far as is material to our determination, is as follows:

(a) *Tax in case of capital net gain.*—In the case of any taxpayer, other than a corporation, who for any taxable year derives a capital net gain (as hereinafter defined in this section), there shall, at the election of the taxpayer, be levied, collected, and paid, in lieu of all other taxes imposed by this title, a tax determined as follows: a partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner as if this section had not been enacted and the total tax shall be this amount plus 12½ per centum of the capital net gain.

\*     \*     \*     \*     \*     \*     \*

(c) *Definitions.*—For the purposes of this title—

\*     \*     \*     \*     \*     \*     \*

(8) "Capital assets" means property held by the taxpayer for more than two years (whether or not connected with his trade or business)   \*   \*   \*. For the purposes of this definition—

\*     \*     \*     \*     \*     \*     \*

(B) In determining the period for which the taxpayer has held property however acquired there shall be included the period for which such property was held by any other person, if under the provisions of section 113, such property has, for the purpose of determining gain or loss from a sale or exchange, the same basis in whole or in part in his hands as it would have in the hands of such other person.

Section 113 of the same act provides in material part as follows:

(a) *Property acquired after February 28, 1913.*—The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\*     \*     \*     \*     \*     \*     \*

(2) GIFT AFTER DECEMBER 31, 1920.—If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift. If the facts necessary to determine such basis are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis shall be the fair market value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information that the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner;

\*     \*     \*     \*     \*     \*     \*

(5) PROPERTY TRANSMITTED AT DEATH.—If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent. If the property was acquired by the

decedent's estate from the decedent, the basis in the hands of the estate shall be the fair market value of the property at the time of the detath of the decedent. In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer. In the case of property transferred in trust to pay the income for life to or upon the order or direction of the grantor, with the right reserved to the grantor at all times prior to his death to revoke the trust, the basis of such property in the hands of the persons entitled under the terms of the trust instrument to the property after the grantor's death shall, after such death, be the same as if the trust instrument had been a will executed on the day of the grantor's death.

It will be noted from our findings that T. H. Given died testate on June 28, 1919. In his will he made no provision for his widow. The widow, on July 3, 1919, elected to take, against the will of her deceased husband, one half of his estate in lieu of her dower under the laws of Pennsylvania. By virtue of such election one half of the estate of her deceased husband vested in her immediately and absolutely. *Re Greiner's Appeal*, 103 Pa. 89. It was not, however, one half of the specific assets of the estate which became her property by virtue of the election, but only one half of the estate after the debts and other charges of administration should be paid. The basis for determining the gain or loss upon the sale in 1929 of personal property acquired by the widow, Martha A. Given, from the estate of her deceased husband was the value thereof at the date of distribution to her. Section 113 (a) (5), Revenue Act of 1928; *Ralph W. Harbison*, 26 B.T.A. 896.

The petitioner contends that there was a constructive distribution of the estate of T. H. Given on May 20, 1925; that in legal effect the 1,000 shares of Radio "A" common stock were distributed to Martha A. Given on that date and that Martha A. Given was the owner of them until they were given to the petitioner by virtue of the agreement of August 1, 1925; that by virtue of section 101 (c) (8) (B) the time during which the securities were in the ownership of Martha A. Given should be added to the time during which the ownership was in the petitioner for the purpose of determining whether the profit realized upon the sale on March 14, 1929, was capital net gain or ordinary net income.

In our opinion the evidence does not support the contentions of the petitioner. While the shares of stock were in the custody of the executors of the estate of T. H. Given they were not in any proper sense " held " by the petitioner. If the executors by agreement of the parties or otherwise had sold the shares and realized a profit therefrom the profit would unquestionably have been taxable to the estate and not to the beneficiaries. *Anderson* v. *Wilson*, 289 U.S. 20.

It seems clear that if Martha A. Given had not assigned any portion of her estate to the petitioner, but had received the 1,000 shares

of Radio stock in question on November 3, 1927, and had sold them on March 14, 1929, the profit would have constituted ordinary net income and would have been taxable accordingly, for she would have held them for a period of less than two years at date of sale. Section 113(a)(5). We can not see that the petitioner stands in any better position than her donor.

Conceivably, if in 1929 the petitioner had sold, not the 1,000 shares of Radio stock in question, but her interest in the estate of T. H. Given, the profit would have constituted capital gain; for she acquired that interest by gift from her mother on August 1, 1925, and would have owned it for a period of more than two years at date of sale. But she did not sell the gift *res* or a fractional part of it. She sold shares of stock which were distributed to her by the executors of the estate on November 3, 1927. Prior to that date the dominion and control over the shares were in the executors of the estate and not in the petitioner. In view of these facts we think that it can not be said that the petitioner held them for a period of two years at the date of sale. *Johnson* v. *Commissioner* (C.C.A., 3d Cir.), 52 Fed. (2d) 726; *Schoenberg* v. *Burnet* (C.A.D.C.), 55 Fed. (2d) 543. *Contra, New York Trust Co., etc.* v. *Commissioner* (C.C.A., 2d Cir.), 68 Fed. (2d) 19. The respondent's contention on this point is sustained.

No contention is made by the petitioner as to the value of the 1,000 shares of Radio "A" common stock at the basic date, claimed by the respondent to be November 3, 1927. In the absence of evidence showing error on the part of the respondent in his determination, his valuation is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*